76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse Lee BANKS, Defendant-Appellant.
 No. 94-50294.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1995.
Decided Jan. 30, 1996.
 
 Before: HUG, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesse Lee Banks was convicted after a jury trial of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). He appeals both his conviction and his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Banks' first contention is that the district court erred when it prevented him from presenting alibi witnesses at trial because he failed to comply with Federal Rule of Criminal Procedure 12.1. Banks also argues that the court erred in failing to allow him to call certain specified witnesses as surrebuttal witnesses. We review the district court's application of Fed.R.Crim.P. 12.1 for abuse of discretion. United States v. Givens, 767 F.2d 574, 583 (9th Cir.), cert. denied, 474 U.S. 953 (1995).
 
 
 4
 Rule 12.1(a) provides that upon written demand of the Government, the defendant shall serve within 10 days, or at such different time as the court shall direct, a written notice of the defendant's intent to offer a defense of alibi, including the names and addresses of the witnesses upon whom the defendant intends to rely to establish his alibi. Fed.R.Crim.P. 12.1(a). Here, the Government submitted its demand for notice of alibi on Banks on September 2, 1993. It was not until November 23, 1993, 82 days later, that Banks filed his notice of alibi witnesses. The Government thereafter moved to exclude the witnesses. The court heard arguments on the motion, and ultimately granted it on the ground that the 82-day delay was "unreasonably long."
 
 
 5
 We conclude that the court did not abuse its discretion by not allowing Banks to present those witnesses at trial. Rule 12.1(d) gives the court the discretion to exclude undisclosed alibi witnesses. The court heard evidence on the delay, recognized that the rule provided flexibility and could be excepted for good cause, and finally found that Banks' case did not present such a situation. This was not an abuse of discretion.
 
 
 6
 Banks' claim that he should have been allowed to present certain specified witnesses as surrebuttal witnesses lacks merit. Banks argues that the witnesses would have established that he was not present at the alleged meeting the evening before the robbery. First, the Government offered nothing in its rebuttal about the alleged meeting, and thus, Banks could not call the witnesses for that purpose. Second, this was alibi evidence, and as noted above, the court excluded the witnesses because Banks failed to comply with Fed.R.Crim.P. 12.1. We conclude that that the court's ruling was not an abuse of discretion.
 
 II.
 
 7
 Banks' second contention is that he was denied effective assistance of counsel based on three reasons. First, he contends that his counsel was ineffective because he failed to file his notice of alibi witnesses timely. Second, Banks contends that his counsel erred in failing to move for a severance of his case from codefendant Deshanna Gay's. And finally, Banks contends that his counsel was ineffective because he advised Banks not to take the stand in his own defense.
 
 
 8
 Whether a defendant received ineffective assistance of counsel is a legal question we review de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). However, we do not ordinarily review an ineffective assistance of counsel claim on direct appeal unless the record is sufficiently complete to allow us to decide the issue. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). It is preferable for appellant to raise the claim in a habeas proceeding because "it permits the district judge first to decide whether the claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." Id. Because the record in this case is not adequately developed to determine whether Banks received ineffective assistance of counsel on any of the three contentions set forth above, we decline to decide them on direct appeal.
 
 III.
 
 9
 Banks' third contention is that the district court improperly enhanced his sentence four levels under U.S.S.G. § 3B1.1(a) for being an organizer or leader of the conspiracy. He argues that the Government's proof does not establish his leadership role. We review the district court's finding that Banks was a leader in the offense for clear error. United States v. Castro, 972 F.2d 1107, 1112 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993).
 
 
 10
 Section 3B1.1(a) provides a four-point increase if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." An organizer or leader enhancement is proper where the evidence shows that the defendant "exercised some control over others involved in the commission of the offense or [was] responsible for organizing others for the purpose of carrying out the crime." United States v. Alonso, 48 F.3d 1536, 1545 (9th Cir.1995) (quoting United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994)). Application note 4 states that the court should consider the defendant's decisionmaking authority, the nature of his participation, his involvement in recruiting accomplices, his right to a larger share of the fruits of the crime, the degree of involvement in planning, and the degree of the defendant's control or authority over others. U.S.S.G. § 3B1.1, comment. app. note 4.
 
 
 11
 We have reviewed the evidence carefully and we conclude that the district court did not clearly err. The evidence at trial showed that at least five people were involved in the bank robbery. It further showed that Banks qualified as an organizer or leader. Four codefendants testified at trial as to Banks' extensive involvement as the organizer or planner of the conspiracy. Banks supplied weapons, made the assignments for the participants, rented the car, provided transportation to the planning meeting and the robbery for at least some of the participants, and he recruited two participants. To the extent Banks argues that the enhancement was improper because other coconspirators also exercised decisionmaking authority and control, this argument is meritless. "Nothing in the language of the guideline ... limits imposition of this enhancement to the participant who was most in control." Alonso, 48 F.3d at 1545. "In fact, application note 4 specifically states that '[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.' " Id. The district court did not clearly err in enhancing Banks' sentence four levels under section 3B1.1(a).
 
 IV.
 
 12
 Banks' fourth contention is that the district court erred when it dismissed two jurors for cause. We review the district court's decision for abuse of discretion. See United States v. Tabacca, 924 F.2d 906, 913 (9th Cir.1991).
 
 
 13
 During jury selection for Banks' trial, the court excused two jurors for cause. The first juror was excused after the initial jury was empaneled, but prior to the start of trial. The juror informed the court that he had neglected to disclose earlier that he had a "fundamental problem ... that may bias [his] ability to give weight to [cooperating witnesses'] testimony" because there may be an incentive for their testimony and that this problem would bias him against the prosecution. The Government requested that the juror be excused for cause. After questioning the juror on the basis for his belief, the court excluded him. During a discussion on how to replace the excused juror, one defendant moved for a mistrial, which Banks and the other codefendants joined. The court granted the motion.
 
 
 14
 A few days later, the court began jury selection anew. During voir dire, a prospective juror stated that he did not think that he "could possibly convict somebody on the basis of a witness that was being protected from prosecution, financially rewarded, so forth and so on." After questioning the juror, the court excused him for cause sua sponte.
 
 
 15
 A juror should be excused for cause if a particular belief will "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." Wainwright v. Witt, 469 U.S. 412, 424 (1985). We conclude that the court did not abuse its discretion in excusing either juror for cause. The court concluded that both jurors exhibited a bias toward the prosecution after it questioned each juror on the basis for his belief. If a juror cannot impartially assess a witness' credibility, he cannot perform his duties as a juror in accordance with the instructions and his oath. Furthermore, we note that the defendants were granted a mistrial after the first juror was excused, so dismissal of this juror is irrelevant to Banks' actual trial. See United States v. Anzalone, 886 F.2d 229, 234 (9th Cir.1989) ("dismissal of the first panel is not relevant to the impartiality of the jurors who were ultimately selected"). Finally, Banks' argument that the dismissal allowed the Government to exercise more than its allotted number of peremptory challenges is meritless. The court dismissed the second juror sua sponte for cause. There was no abuse of discretion in doing so.
 
 V.
 
 16
 Banks' fifth contention is that the district court violated Bruton v. United States, 391 U.S. 123 (1986), when it allowed the prosecution to introduce a post-arrest statement by a nontestifying coconspirator. We review alleged Confrontation Clause violations de novo. Paradis v. Arave, 20 F.3d 950, 956 (9th Cir.1994), cert. denied, 115 S.Ct. 915 (1995).
 
 
 17
 Banks complains of the court's admission of Anastia Thomas' testimony about statements made to her by codefendant Lance Tobias. Thomas testified that Tobias told her that "me and someone" robbed the bank and that "a Mercedes, a limousine, and a U-Haul truck" were used during the robbery. Banks contends that this testimony implicates him in violation of Bruton. We do not agree.
 
 
 18
 Only those statements of a nontestifying codefendant that "expressly implicate" the defendant or are "powerfully incriminating" violate Bruton. Richardson v. Marsh, 481 U.S. 200, 208 (1987); United States v. Enrique-Estrada, 999 F.2d 1355, 1359 (9th Cir.1993). Thus, the Confrontation Clause is not violated when the admission is accompanied by a proper limiting instruction and when the statement is redacted to eliminate the defendant's name and any reference to him. Richardson, 481 U.S. at 211.
 
 
 19
 In the instant case, nothing Thomas testified to directly implicated Banks. She did not mention his name and made no reference to his existence. When the defendant is linked to a statement only by implication from other evidence, a limiting instruction provides adequate protection of the defendants' confrontation rights. Enrique-Estrada, 999 F.2d at 1359. The court gave a proper limiting instruction, as requested by the defense, that Tobias' alleged statements to Thomas could only be used against Tobias and not against any other defendant. There was no Bruton error in this case.
 
 VI.
 
 20
 Banks' final contention is that the district court erred by admitting certain hearsay testimony into the trial. We review the court's evidentiary rulings for abuse of discretion. United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). Reversal is not required if the error was harmless. See United States v. Tille, 729 F.2d 615, 622 (9th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 21
 Banks complains of two pieces of arguably objectionable testimony. The first concerned coconspirator Jijane Williams. Initially, Williams identified codefendant Van Morris Farmer and Banks at trial, but he did not identify codefendant Donald Pierce. The next morning, Williams identified Pierce. He explained that he originally did not identify Pierce because an inmate named Webster had relayed threats to him. The second piece of arguably objectionable testimony concerned coconspirator Charles Petty. Petty testified that an inmate "told me he saw Jesse Banks on a visit and Jesse Banks told us that all punks, snitches and fagots die."
 
 
 22
 With regard to the first piece of testimony, we conclude that even if it was hearsay, it was harmless as to Banks. Williams' statement had nothing to do with Banks--it only implicated Pierce, and the jury acquitted Pierce. The second piece of testimony is more troublesome. Banks' counsel objected to the testimony on the ground that it was inadmissible hearsay and for lack of foundation. The court admitted the testimony over Banks' objection.
 
 
 23
 The Government argues that the testimony was not hearsay because it did not present the evidence for the truth of the matter asserted, but rather to establish Petty's state of mind, i.e., that he was testifying, despite Banks' alleged threat, and therefore, to raise Petty's level of credibility. Defense counsel had repeatedly alleged earlier that the coconspirators had motives to fabricate their testimony.
 
 
 24
 Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at trial ..., offered in evidence to prove the truth of the matter asserted." (Emphasis added). If Petty's testimony about Jonathan Williams' alleged out-of-court statement was introduced for the truth of what Williams said, it was hearsay. The implication was that Banks had threatened to kill Petty if he "snitched." Banks' admission would show consciousness of guilt, but Petty did not hear Banks make the threat. The purpose argued in the Government's brief was to show that Petty had an incentive not to testify as well as a government-provided incentive to testify. The transcript does not show whether the purpose was so limited. The error, however, was harmless, in light of the overwhelming evidence of Banks' guilt.
 
 
 25
 Banks now argues on appeal that the testimony should have been excluded on the ground that it was more prejudicial than probative under Federal Rule of Evidence 403. A claim of Rule 403 error is not preserved for appeal when the defendant only objected to the evidence in district court on grounds of hearsay. United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990). Because Banks did not object to the testimony on Rule 403 grounds, we review only for plain error. See United States v. Olano, 507 U.S. 725, ----, 113 S.Ct. 1770, 1777-78 (1993); United States v. Feldman, 853 F.2d 648, 652 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989). We will reverse only to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process. See United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992).
 
 
 26
 We conclude that the court did not commit plain error. The defense alleged during trial that the coconspirators had motives to fabricate their testimony. The testimony was therefore relevant and probative to reestablish the testifying witness' credibility. While admittedly the evidence was prejudicial, the evidence's unfair prejudice warrants exclusion only when it substantially outweighs its probative value. It was neither an abuse of discretion, nor plain error, to admit the above testimony.
 
 
 27
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3